


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Connor Elliott and Amanda Elliott, individually and as next friends of N.E., their child and a minor,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **No. 1:19-cv-427-LY** |
| **The United States of America,** | § | |
| **Defendant.** | § | |

**DECREE OF COURT ESTABLISHING**
**THE N.E. SPECIAL NEEDS TRUST**

On this day came on to be heard the Application to Establish the N.E. Special Needs Trust for the sole benefit of N.E., a minor and an incapacitated person as defined in Section 142.007 of the Texas Property Code (hereinafter N.E. is referred to as the "***Beneficiary***"), pursuant to 42 United States Code Section 1396p(d)(4)(A), as amended August 10, 1993, by the Revenue Reconciliation Act of 1993, Pub. L. 103-55, and pursuant to Section 142.005 of the Texas Property Code, filed by Connor Elliott and Amanda Elliott, as next friends of the Beneficiary, and Walter Philmore "Chip" Evans IV, as guardian *ad litem* for the Beneficiary (hereinafter Connor Elliott, Amanda Elliott and Walter Philmore "Chip" Evans IV, in the capacities indicated, are sometimes collectively referred to as the "***Applicants***"), and the Court proceeded to hear the application upon a finding that due and proper notice of the application and hearing on the application have been given to all interested

persons, and that the parties and all persons necessary for jurisdiction have appeared in person or by attorney.

The Court, having heard the evidence and having reviewed the application and the other documents filed herein, finds that it has jurisdiction and venue over the persons and subject matter of this proceeding; that all proceedings have been lawful and proper; that the Beneficiary is a minor and an incapacitated person as defined in Section 142.007 of the Texas Property Code who is represented by next friends; that the Beneficiary is a disabled person as defined in the Social Security Act, Section 1614(a)(3), 42 United States Code Section 1382C(a)(3); that there is no court-appointed guardian of the estate of the Beneficiary, and there is no proceeding pending for the appointment of such guardian; and that it would be in the best interest of the Beneficiary for this Court to enter an order and decree establishing a special needs trust for the sole benefit of the Beneficiary as specified in 42 United States Code Section 1396p(d)(4)(A), as amended August 10, 1993, by the Revenue Reconciliation Act of 1993, Pub. L. 103-55.

It is, therefore, ORDERED by the Court as follows:

1. The Court hereby establishes the N.E. Special Needs Trust for the sole benefit of the beneficiary pursuant to Section 142.005 of the Texas Property Code.

2. A portion of the settlement proceeds allocated for the benefit of the Beneficiary, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended, shall be delivered to Capital First Trust Company (the "***Trustee***"), as Trustee of the N.E. Special Needs Trust, to be held and administered by the Trustee as provided in this decree and the trust established by this decree.

3. Pursuant to the provisions of 42 United States Code Section 1396p(d)(4)(A), as amended by the Revenue Reconciliation Act of 1993, Pub. L. 103-55, and Section 142.005 of the Texas Property Code, the Trustee shall hold, invest, administer, and distribute the funds as a special needs trust having the terms and provisions set forth in the trust agreement establishing the N.E. Special Need Trust which is attached hereto, designated **Exhibit "A"**, and incorporated by reference into this decree.

4. The Trustee shall be entitled to receive for its services a fair and reasonable compensation not exceeding the Trustee's regularly published fee schedule for such services, and shall be reimbursed for all reasonable expenses incurred in connection with the administration of the trust. The Court hereby prospectively approves the Trustee's fees for as long as those fees do not exceed the Trustee's regularly published fee schedule; provided that the Court may review any future Trustee's fees at any time and from time to time on the Court's own motion or upon the motion of the Trustee or any other party interested in the welfare of the Beneficiary, and upon a hearing of the matter, the Court shall take any action with respect to such fees as the Court may deem appropriate.

SIGNED this 20th day of January, 2021.

JUDGE PRESIDING

**APPROVAL AS TO FORM AND SUBSTANCE AND ENTRY REQUESTED:**

CONNOR ELLIOTT,
as Next Friend of N.E., a Minor

AMANDA ELLIOTT,
as Next Friend of N.E., a Minor

s/ Walter "Chip" Evans

WALTER PHILMORE "CHIP" EVANS IV
State Bar No. 24002068
Evans & Herlihy
4407 Bee Caves Road, Suite 611
Austin, Texas 78746
Telephone: (855) 414-1012

Guardian *Ad Litem* for N.E., a Minor

WHITEHURST, HARKNESS, BREES, CHENG, ALSAFFAR, HIGGINBOTHAM & JACOB, PLLC

Jamal K. Alsaffar
Texas State Bar No. 24027193
Tom Jacob
Texas State Bar No. 24069981
7500 Rialto Blvd., Building Two, Suite 250
Austin, Texas 78735
Telephone: (866) 566-4346
Facsimile: (512) 476-4400
jalsaffar@nationaltriallaw.com
tjacob@nationaltriallaw.com

ATTORNEYS FOR PLAINTIFFS

Jesse M. Reiter
Anne Randall
REITER & WALSH, P.C.
122 Concord Road
Bloomfield Hills, Michigan 48304
Telephone: (248) 593-5100
Facsimile: (248) 593-5108
jreiter@abclawcenters.com
arandall@abclawcenters.com

ATTORNEYS FOR PLAINTIFFS

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

**NOTICE: THE BENEFICIARY AND CERTAIN PERSONS INTERESTED IN THE WELFARE OF THE BENEFICIARY MAY HAVE REMEDIES UNDER SECTION 114.008 OR 142.005 OF THE TEXAS PROPERTY CODE.**

---

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Conner Elliott and Amanda Elliott, individually and as next friend of N.E., their child and a minor,** | § § § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **No. 1:19-cv-427-LY** |
| | § | |
| **The United States of America,** | § | |
| | § | |
| **Defendant.** | § | |

---

**TRUST AGREEMENT FOR THE N.E. SPECIAL NEEDS TRUST**

---

This Trust Agreement is established as recommended by Walter Philmore "Chip" Evans IV, as guardian *ad litem* for N.E. (as defined herein), a minor, to the Court in litigation pending in the United States District Court for the Western District of Texas, Austin Division (the "***Court***"), styled, *Conner Elliott and Amanda Elliott, individually and as next friend of N.E., their child and a minor, Plaintiffs vs. The United States of America, Defendant*, and by Connor Elliott and Amanda Elliott, as next friend of N.E. N.E. is a minor and a disabled person as defined in the Social Security Act, Section 1614(a)(3), 42 United States Code Section 1382c(a)(3). The Court has specifically reviewed and approved this trust pursuant to the Decree of Court Establishing the N.E.

Special Needs Trust to which this Trust Agreement is attached. This Trust Agreement is intended to comply with the requirements of a special needs trust pursuant to the provisions of 42 United States Code Section 1396p(d)(4)(A), as amended August 10, 1993, by the Revenue Reconciliation Act of 1993, Pub. L. 103-55, and shall be construed in accordance with such intent. Capital First Trust Company (hereinafter referred to as the "***Trustee***") shall serve as the initial Trustee of this trust.

ARTICLE I.

Trust Estate

The assets and properties described on **Schedule A**, attached to and incorporated by reference into this Trust Agreement, which are being paid pursuant to the settlement agreement reached by the parties in the above-styled and numbered cause are hereby transferred and assigned unto the Trustee by the Court to be held, invested, administered, and distributed by the Trustee for the benefit of the Beneficiary (as defined herein) under the terms, provisions, conditions, and limitations set forth in this instrument. The funds shall at no time become available to the Beneficiary, be placed in his possession, or come within the control of his guardians, except as otherwise provided herein.

ARTICLE II.

Irrevocable

This trust shall be irrevocable and shall not be subject to revocation by the Beneficiary or a guardian of the Beneficiary's estate.

ARTICLE III.

Identification of Beneficiary

The sole beneficiary of this trust is Nolan Elliott (herein sometimes referred to as "***N.E.***" and/or the "***Beneficiary***"). The Beneficiary was born on November 24, 2015. The trust created by this Trust Agreement shall be known as the "***Nolan Elliott Special Needs Trust***" or the "***N.E. Special Needs Trust***").

ARTICLE IV.

Distributions and Termination

A. Purpose of Trust. The principal purpose and intent of the Court and the parties hereto is to provide a system for management, investment, and disbursement of the settlement proceeds for the benefit of the Beneficiary. The secondary intention of the Court and the parties hereto is to provide for the continuing conservation and enhancement of the settlement proceeds to supplement all other financial and service benefits to which the Beneficiary might be eligible as a result of his disability from any local, county, state, or federal agency, or through any public or private profit or nonprofit corporations or agencies.

1. It is not the intent of the Court or parties hereto to place the settlement proceeds in trust for the purpose of qualifying the Beneficiary for state welfare benefits. However, it is likely that the settlement proceeds will be insufficient to meet all of the Beneficiary's possible future disability related needs for the remainder of his life. Thus, it is possible that such benefits may be sought in the future, notwithstanding the assets that have been directed by the Court to this supplemental and discretionary trust.

2. This trust is being established at the specific direction of the Court, and therefore the assets directed to this trust by the Court should not be deemed to have been or to be available to the Beneficiary. This trust is established under the jurisdiction, at the direction, and with the specific approval of the Court without transfer of ownership of the settlement proceeds to the Beneficiary or his legal guardians.

3. It is the intention of the Court and the parties hereto to provide benefits for the Beneficiary without interfering with or reducing the benefits she would be entitled to receive from any state or federal agency, including the State of Texas Health and Human Services Commission or its successor agencies and the United States Social Security Administration, and to maximize the benefits available to him. This trust is explicitly intended to be a discretionary trust and not a basic support trust, and the trust assets are intended to be used to supplement other benefits that the Beneficiary might be entitled to receive.

4. Further, it is not the intent of this Court that the settlement proceeds shall be used to excuse the obligations of any person to provide for the Beneficiary's continuing maintenance and basic support under the laws of the State of Texas. Payments from this trust are intended to be supplemental to such support obligations and shall not supplant the basic support obligations as determined by the laws of the State of Texas.

5. Notwithstanding the foregoing, it is acknowledged that the Trustee is neither licensed nor skilled in the field of social services and/or governmental assistance programs. The Beneficiary's legal guardian or other legal representative, if any, shall be responsible for identifying programs that may be of social, financial, developmental, or

other assistance to the Beneficiary, including seeking the assistance of federal, state, and local agencies that have been established to help the handicapped or disabled, and other similar resources. The Trustee may cooperate with and assist the Beneficiary's legal guardians or other legal representative, if any, but shall have no duty or responsibility to determine which programs are available to the Beneficiary. The Trustee shall not in any event be liable to the Beneficiary or any other party with respect to any aspect of the Beneficiary's eligibility for federal, state, or local public assistance benefits or programs, including, but not limited to, the failure to identify each and every program or resource that might be available to the Beneficiary on account of any handicap or disability.

B. Distributions. The Trustee shall have complete discretion to pay or use so much or all of the net income and/or corpus of the trust as the Trustee, in its sole discretion, may determine, to the legal or natural guardian or person having custody of the Beneficiary, or by expending such amounts directly to or for the benefit of the Beneficiary without the intervention of any legal guardian or other legal representative of the Beneficiary. Any undistributed income shall be accumulated and added to the corpus of the trust. All income and corpus distributed to the Beneficiary and all undistributed income and corpus held in this trust shall be considered as the separate property, not the community property, of the Beneficiary to the extent permitted under the Constitution and laws of the State of Texas.

1. In exercising the Trustee's discretion in making distributions from the net income and/or corpus of the trust, it is the intent, but not the direction, of this Court, that the Beneficiary live in pleasant, healthy, and comfortable surroundings and that the net income and/or corpus of the trust be paid out or used by the Trustee to whatever extent is appropriate to make available to the Beneficiary the best facilities and provisions for his health, education, welfare, and happiness that shall, in the sole discretion of the Trustee, be deemed reasonable, desirable, and appropriate. The express purpose of this trust is to provide for the Beneficiary's extra and supplemental needs, over and above the benefits she otherwise receives as a result of his handicap or disability from any local, state, or federal governmental source or from private agencies, any of which provide services or benefits to disabled persons. By way of example, the Trustee may purchase those goods or services which shall enhance the Beneficiary's development, welfare, and happiness, and provide for his special needs and/or supplemental needs, including but not limited to:

a. Dental care;

b. Unreimbursable medical expenses, including plastic and reconstructive surgery, diagnostic work and treatment, rehabilitative training, experimental medical services, and organ transplant surgeries and care;

c. Ophthalmic and auditory care;

d. Psychological support services;

e. Recreation, cultural experiences, and transportation of the Beneficiary;

f. Expenditures to foster the interests, talents and hobbies of the Beneficiary;

g. Personal property and services which will make life more comfortable and enjoyable for the Beneficiary but will not defeat the Beneficiary's eligibility for public assistance;

h. Funeral and burial costs;

i. Personal care needs;

j. Supplemental nursing care;

k. Physical therapy or rehabilitation;

l. Entertainment items (such as a computer, television, DVD player, MP3 player, or the like);

m. Evaluations of training and educational programs;

n. Expenditures to engage therapists and others to provide physical, occupational, aquatic, or other therapy or procedures for the Beneficiary, either at the Beneficiary's home or at the therapist's (or other provider's) regular office or treatment center;

o. Pay nutritionists, case workers, and other health or medical advisors; and

p. Pay nurses, nurses' aides, companion sitters or others to care for the Beneficiary.

Notwithstanding the foregoing, the Trustee shall not purchase any goods or services for the Beneficiary, including, but not limited to any goods or services set forth by way of example in subparagraphs a through p above, if such payments would jeopardize any Medicaid, SSI, or other welfare and/or governmental benefits in which the best interests of the Beneficiary should be maintained and preserved.

2. During periods of time that the Beneficiary is not eligible for and/or has not applied for means-tested governmental public assistance benefits (such as SSI, Medicaid, etc.), the Trustee shall have sole and absolute discretion as to the amount, timing, and purposes of any distributions from the net income and/or corpus of the trust for the benefit of the Beneficiary. On the other hand, during periods of time that the

Beneficiary is receiving means-tested governmental public assistance benefits, the Trustee is specifically prohibited from expending any of the net income or corpus of the trust for any property, assistance, services, benefits, or medical care that is or otherwise would be available to the Beneficiary from any governmental source or from any insurance carrier required to cover the Beneficiary if, and only if, an application for such property, assistance, services, benefits, or medical care has been filed for the Beneficiary, or if she is receiving such assistance from a source that requires such restriction by its rules. In such case, and if the Beneficiary has applied for and/or is receiving assistance that requires such limitation, the Trustee may use trust property to supplement, but not to supplant, services, benefits, assistance, and medical care being received by the Beneficiary through any governmental resource so requiring the limitation.

3. It is recognized that there may be circumstances during the existence of this trust wherein it may be in the best interests of the Beneficiary to forfeit or forego the receipt of means-tested governmental public assistance benefits in order to avoid the restrictions on trust distributions and other requirements involved in the administration of a special needs trust. The responsibility for making this determination (as to whether it is in the Beneficiary's best interests to forfeit or forego means-tested governmental public assistance benefits for which the Beneficiary may be eligible) shall rest solely with the Beneficiary or the Beneficiary's legal guardian or other legal representative and not with the Trustee. The Trustee shall be entitled to rely upon written evidence that the Beneficiary or the Beneficiary's legal guardian or other legal representative has complied with any notice requirements to the appropriate administrative agencies that the Beneficiary is ineligible for or voluntarily elects not to apply for and/or receive any means-tested governmental public benefits. The Trustee, in its sole discretion, shall determine the written documentation necessary to establish that the Beneficiary is not receiving any means-tested governmental public assistance benefits. Upon receipt of such written evidence satisfactory to the Trustee, the Trustee may administer the trust as a discretionary trust (and not as a special needs trust) until such time as (i) the Trustee receives written information that the Beneficiary (or the Beneficiary's legal guardian or other legal representative) has applied for or is receiving means-tested governmental public assistance benefits or (ii) the trust terminates.

4. In determining distributions to or for the benefit of the Beneficiary, the Trustee may consider all of the facts and circumstances in existence at the time of the Trustee's determination, including but not limited to: (i) the value of the assets of the trust; (ii) the standard of living to which the Beneficiary shall have been accustomed prior to the creation of the trust; (iii) any known resources of the Beneficiary; (iv) the ability of any person who is legally obligated to support the Beneficiary to do so; and (v) the ability of the Beneficiary to earn funds for the Beneficiary's own support and maintenance.

5. Upon request from the Beneficiary's legal or natural guardian or other legal representative, the Trustee shall pay any premiums, co-payments, and/or deductibles for health care insurance for the Beneficiary.

6. The Trustee shall be authorized to pay any income tax liability of the Beneficiary which results from income received by the trust. The funds used to pay this income tax liability shall be paid directly to the appropriate taxing authority and shall not be available to the Beneficiary or be counted as a disqualifying resource against the Beneficiary. The Beneficiary shall not have any right to or interest in any of these funds paid by the Trustee. Further, these funds are not a resource of the Beneficiary and should not be treated as a distribution of income for purposes of medical assistance qualification or continuation.

C. Termination of Trust. The trust shall terminate upon the death of the Beneficiary. Upon termination of the trust, to the extent required by applicable law, the Trustee shall distribute the remaining trust assets to the State of Texas or such other state that provides Medicaid benefits to the Beneficiary up to an amount equal to the total medical assistance paid on behalf of the Beneficiary under the Medicaid plan of each state that furnished medical assistance on behalf of the Beneficiary. If assets remain in the trust after making the reimbursement payments to the state's Medicaid plan in accordance with the preceding sentence, the Trustee shall distribute the remaining trust assets to the personal representative of the Beneficiary's estate to be administered as part of his general probate estate.

ARTICLE V.

Trustee

A. Appointment of Trustee(s). The initial Trustee of the trust shall be Capital First Trust Company. All references in this Trust Agreement to "***Trustee***" are to the Trustee then serving as such.

B. Successor Trustee. If at any time there is a vacancy in the position of Trustee, the Court shall appoint a substitute or successor Trustee. A successor Trustee may be (i) any financial institution (as defined by Section 201.101, Texas Finance Code) that has trust powers, exists, and does business under the laws of the State of Texas or another state in the United States or (ii) any person other than the Beneficiary if the Court finds that no financial institution is willing to serve as Trustee and the appointment of such person is in the Beneficiary's best interest. The costs associated with a court proceeding to appoint a successor Trustee shall be paid from the trust.

C. Trustee Reorganization. Any corporation that shall succeed (by purchase, merger, consolidation, or otherwise) to all or the greater part of the assets of any corporate Trustee shall succeed to all the rights, duties, and powers of such corporate Trustee, as Trustee of this trust.

D. Resignation of Trustee. A Trustee may resign by giving written notice to the Beneficiary, or if the Beneficiary is an incapacitated person, to the Beneficiary's legal guardian or other legal representative. The Trustee shall continue serving until a successor Trustee is appointed by the Court in accordance with paragraph B of this Article IV.

ARTICLE VI.

General Trust Provisions

A. Trustee Compensation. The Trustee shall be entitled to receive fair and reasonable compensation for his, her, or its services as Trustee to be paid from the trust's income, corpus, or both; provided, however, that a corporate Trustee's compensation shall not exceed the Trustee's regularly published fee schedule for such services; further, provided, that an individual Trustee's compensation shall not exceed the regularly published fee schedule of financial institutions (as defined by Section 201.101, Texas Finance Code) who act as trustees of special needs trusts established under 42 United States Code Section 1396p(d)(4)(A), as amended August 10, 1993, by the Revenue Reconciliation Act of 1993, Pub. L. 103-55 and Section 142.005 of the Texas Property Code. The Court may review any future Trustee's fees at any time and from time to time on the Court's own motion or upon the motion of the Trustee or any other party interested in the welfare of the Beneficiary, and upon a hearing of the matter, the Court shall take any action with respect to such fees as the Court may deem appropriate. Any Trustee shall be reimbursed for any and all reasonable expenses incurred in connection with the administration of the trust.

B. Bond. No bond or any other security shall be required of any Trustee.

C. Liabilities. This instrument shall always be construed in favor of the validity of any act or omission of any Trustee, and a Trustee shall not be liable for any act or omission except in the case of negligence, bad faith, or fraud. This trust is established pursuant to Court order, and the Trustee shall not be responsible or liable to the Beneficiary or to any other person on account of any action that the Trustee may take (or elect to forego taking) in the Trustee's good faith reliance on any order of the Court.

D. Accountings. The Trustee shall furnish an annual accounting to the Beneficiary or the Beneficiary's legal guardian or other legal representative upon reasonable demand made therefor. If and to the extent required by the Court or a successor Trustee, an accounting for the administration of the trust shall also be given to the successor Trustee. A successor Trustee shall be fully protected in relying upon such accounting and also in not requiring such an accounting from its predecessor. Subject to any additional requirements imposed by the Court, the Trustee's usual computer statements shall suffice for any accounting.

E. Spendthrift Provision. The Beneficiary shall not have the power to anticipate, encumber, or transfer his interest in the income or corpus of this trust in any manner. No part of the income or corpus of this trust shall be liable for or charged with any debts, contracts, liabilities, or torts of the Beneficiary or subject to any divorce proceeding or seizure or other process by any creditor of the Beneficiary.

F. Situs of Trusts. This trust shall be deemed a Texas trust and shall be governed by the laws of Texas.

G. Powers and Duties of Successor Trustee. Subject to any order of the Court, upon the appointment and qualification of any successor Trustee, the same duties shall devolve on and the same rights, powers, authorities, privileges, and discretions shall inure to the successor Trustee as to the initial Trustee, and no successor Trustee shall have any duty, responsibility, obligation, or liability whatsoever for the acts, defaults, or omissions of any predecessor Trustee.

H. Fiduciary Obligation. The broad powers herein conferred upon the Trustee shall always be exercised only in a fiduciary capacity, and nothing herein shall be construed to limit the fiduciary obligation of the Trustee.

ARTICLE VII.

Powers of Trustee

The Trustee shall have all of the rights, powers, and privileges granted to a trustee by the Texas Trust Code and all of the following rights, powers, and privileges, unless specifically limited by other provisions of this instrument:

A. Partitions, Distributions. The Trustee shall have full power and authority to make all partitions, divisions, and distributions under this instrument, by allocating assets and property proportionately in kind or by allocating undivided interests therein in kind. Any partition, division, or distribution made by the Trustee in good faith shall be binding and conclusive on all interested parties.

B. Methods of Payment. Any distribution directed to be made to the Beneficiary may be made to or for the benefit of the beneficiary in any manner authorized by Texas Property Code Section 142.005 that the Trustee deems advisable, including payment to the legal or natural guardian or person having custody of the Beneficiary, or payment directly to the Beneficiary or for the benefit, support, or maintenance of the Beneficiary without the intervention of any legal guardian or other legal representative of the Beneficiary. Any distribution under this paragraph shall be a full discharge of the Trustee with respect to that distribution.

C. Conservation of Trust Properties. The Trustee may hold, manage and conserve any and all properties transferred to the trust and may take any action that the Trustee may deem necessary or appropriate, including the exercise of all rights and powers that a prudent owner would exercise in managing and conserving properties of a like kind.

D. Dealings with Third Parties. The Trustee may deal with any person or entity regardless of any relationship or identity of any Trustee to or with that person or entity and may hold or invest all or any part of the trust assets in common or undivided interests with that person or entity. Sections 113.052 through 113.055 of the Texas Trust Code shall not apply to the trust except to the extent they cannot be waived.

E. Investment in Securities. The Trustee may buy, sell, or trade any security of any nature (including common trust funds, stocks, stock rights, warrants, bonds, debentures, notes, certificates of interest, certificates of indebtedness, and options) or any other things of value issued by any person, firm, association, trust, corporation, or body politic whatsoever.

F. Distributions to Purchase a Vehicle. The Trustee may, within its sole discretion, at any time and from time to time, make distributions from the net income and/or principal of the Trust for the purpose of purchasing or otherwise acquiring a vehicle suitable for the transportation of the Beneficiary and the legal or natural guardian or person having custody of the Beneficiary. The Trustee may, within its sole discretion, make distributions from the income and/or principal of the Trust for the purpose of replacing any such vehicle with a comparable vehicle at any time and from time to time, but the cost of any replacement vehicle shall be reduced by the trade-in value of the previous vehicle. The vehicle shall be registered and titled either in the name of the Beneficiary or in the name of a parent or legal guardian of the Beneficiary. The expenses of repairs, routine maintenance, personal property taxes, and insurance on the vehicle may be paid from the net income and/or principal of the Trust by the Trustee to the extent that such payments will not jeopardize the Beneficiary's eligibility for Medicaid, SSI, or any other welfare and/or governmental benefits in which the best interests of the Beneficiary should be maintained and preserved.

G. Distributions to Modify and/or Purchase and/or Replace Residence. The Trustee may, within its sole discretion, at any time and from time to time, make distributions from the net income and/or principal of the trust for the purpose of modifying and/or improving any principal residence of the Beneficiary and/or to purchase, replace, or otherwise acquire real property to be used and occupied by the Beneficiary as the Beneficiary's principal residence. Title to the residence shall be in the name of the Trust, the Beneficiary, or in the name of the legal guardian of the Beneficiary. If the title to the residence is not placed in the name of the Trust and is placed in the name of a person other than the Beneficiary, then the deed must specify that such person is holding title in his or her name as trustee for the benefit of the Beneficiary; and, further, that if the residence is sold, the net sales proceeds shall be paid to the Trustee of this Trust if such Trust is in existence; otherwise, to the Beneficiary if she is then living; or, if this Trust is not then in existence and the Beneficiary is not then living, then the net sales proceeds shall be paid to the personal representative of the Beneficiary's estate to be administered as part of his general probate estate. This trust is intended to be a "***qualifying trust***" as defined by Section 11.13(j)(3) of the Texas Tax Code for Texas homestead purposes. As a qualifying trust, the Beneficiary has the right to use and occupy any residence held in this trust as the Beneficiary's principal residence rent free and without charge except for taxes and other costs for life. Notwithstanding the foregoing, upon request from the Beneficiary's legal or natural guardian or other legal representative, the Trustee shall pay all mortgage principal and interest, repairs and maintenance, improvements, taxes, insurance, and other expenses associated with the purchase, replacement, care, and maintenance of the residence to the extent that such payments will not jeopardize the Beneficiary's eligibility for Medicaid, SSI, or any other welfare and/or governmental benefits in which the best interests of the Beneficiary should be maintained and preserved.

H. Investment in Undivided Interests. The Trustee may invest in one or more assets, properties, or consolidated funds, in whole or in part, as the Trustee may deem advisable.

I. Investment in Partnerships. The Trustee may purchase or otherwise acquire an interest in any partnership conducting a lawful business, transfer trust property to any partnership which will conduct or is conducting any lawful business, or become either a general or limited partner of any such partnership.

J. Selection and Retention of Investments. Any property acquired by the Trustee and at any time constituting any part of the trust shall be deemed a proper investment, and the Trustee shall be under no obligation to dispose of or convert such property. Investments need not be diversified, may be of a wasting nature, and may be made or retained with a view to possible increase in value. The Trustee may invest all funds available for investment at any time that the Trustee may deem advisable in such investments as the Trustee may be permitted to make pursuant to the terms of this instrument. The Trustee, unless otherwise herein specifically prohibited, shall have as wide a latitude in the selection, retention and making of investments as an individual would have in retaining or investing his or her own funds and shall not be limited to nor bound or governed by any statute or regulation respecting investments.

K. Holding Title to Investments. The Trustee may hold title to investments in the name of the Trustee or a nominee. If the trust owns assets located in a jurisdiction in which the Trustee cannot be authorized to act, then the Trustee may appoint any national bank authorized to act in such jurisdiction as trustee of such assets and confer on such trustee any power as may be necessary in the premises, but, in any event, such trustee shall account for all net income and/or net proceeds from the sale of such assets to the Trustee acting hereunder.

L. General Powers. The Trustee may sell, exchange, alter, mortgage, pledge, or otherwise dispose of trust property; borrow any sum believed by the Trustee to be necessary or desirable for protecting the trust or any part thereof, making any income or corpus payment or distribution, or for any other purpose which in the Trustee's opinion may be appropriate; pay all reasonable expenses; execute obligations, negotiable and nonnegotiable; join in, by deposit, pledge, or otherwise, any plan of reorganization or readjustment of any investments of the trust, and vest in a protective committee or other legal entity such power as in the Trustee's opinion may be desirable; and sell for cash and/or credit all or any part of the trust estate.

M. Power to Vote Stock. The Trustee may vote shares of stock in person or by proxy, with or without power of substitution; exercise and perform any and all rights, privileges, and powers inuring to the holder of any stock or security comprising at any time a part of the trust, and exercise by agent or attorney-in-fact any right appurtenant to any property or matter in which the trust may be interested.

N. Protection of the Trust Estate. The Trustee may protect, perfect and defend the title to any trust property; sue and be sued; enforce any bonds, mortgages or other obligations or liens owned by the trust; compromise, arbitrate, or otherwise adjust claims in favor of or against

the trust; waive or release rights of any kind; and abandon any property considered by the Trustee to be worthless.

O. Notes, Mortgages, and Foreclosures. The Trustee may, at any time, reduce the rate of interest payable on any bond, note, or other security owned by the trust; continue mortgages upon and after maturity, with or without renewal, or extend the same upon such terms as seem advisable to the Trustee without reference to the value of the security at the time of such continuance; modify or release any guaranty or mortgage; as an incident to collection of any bond or note, foreclose and bid in the property at foreclosure sale, acquire the property by deed from the mortgagor or obligor without foreclosure and retain the property so bid in or taken over without foreclosure.

P. Insurance. The Trustee may carry such insurance coverage (in stock companies or in mutual companies), including public liability, property damage, and life insurance, for such hazards and in such amounts as the Trustee may deem advisable.

Q. Employ and Compensate Agents and Representatives. The Trustee may employ and compensate agents and other employees, including attorneys, accountants, and investment advisers, and may delegate to them any and all discretions and powers. The Trustee shall not be liable for any act or omission of an agent if the agent was selected and retained by the Trustee with due care and the Trustee neither knew nor should have known that the agent or representative was breaching his or her duties.

R. Establish and Maintain Reserves. Out of rents, profits, or other income received, the Trustee may set up reserves for taxes, assessments, insurance premiums, repairs, improvements, depletion, depreciation, obsolescence, and general maintenance of buildings or other property.

S. Power to Determine Income and Corpus. Stock dividends and capital gains shall be treated as corpus. Except as herein otherwise specifically provided, the Trustee shall determine the manner in which expenses are to be borne and receipts credited between corpus and income and what shall constitute income, net income, and corpus. In determining such matters, the Trustee may give consideration to, but shall not be bound by, the provisions of the Texas Trust Code.

T. Liability of Third Party. No purchaser at any sale made by the Trustee or person dealing with the Trustee is obliged to see to the application of any money or property paid or delivered to the Trustee or to inquire into the expediency or propriety of, or the authority of the Trustee to enter into and consummate, any transaction.

U. Documents. The Trustee may execute and deliver any deeds, conveyances, assignments, leases, contracts, stock or security transfer powers, or any other written instrument of any character appropriate to any of the powers or duties herein conferred upon the Trustee.

V. Powers Cumulative. Except as herein otherwise provided, the powers conferred upon the Trustee shall not be construed as a limitation of any authority conferred by law, but as in addition thereto.

ARTICLE VIII.

Definitions and General Provisions

A. Statutory References. All statutory references include subsequent amendments and corresponding provisions of any subsequently enacted laws.

B. Precedence of Trust. This trust shall take precedence over any existing law or statute concerning minors, incapacitated persons, or their property, and this trust shall continue in full force and effect until terminated or revoked as provided herein, notwithstanding the appointment of a guardian of the estate of the Beneficiary, or the attainment of the age of majority by the Beneficiary.

C. Binding Effect. This trust agreement shall extend to and be binding upon the heirs, executors, administrators, legal representatives, and successors of the parties.

D. Consideration of Requests of the Beneficiary or Legal Guardian. The Trustee shall confer with the Beneficiary, or the Beneficiary's legal guardian or other legal representative if the Beneficiary is a minor or incapacitated person, from time to time concerning the needs of the Beneficiary and shall consider (but shall not be bound by) the requests of the Beneficiary or the Beneficiary's legal guardian or other legal representative, as the case may be, concerning the administration of the trust, including, but not limited to, the investment and distribution of the trust assets.

E. Inception of Trust. This trust shall become effective upon (1) the entry of the decree to which this trust agreement is attached, (2) the transfer of any portion of the property described on **Schedule A** to the Trustee, and (3) the Trustee's acceptance of the trust which shall be evidenced by the signature below of the appropriate officer of the Trustee.

SIGNED this _____ day of ________________, 2021.

______________________________________

JUDGE PRESIDING

Capital First Trust Company, Trustee, accepts the trust created by this Trust Agreement, and covenants to faithfully discharge all duties of the Trustee hereunder.

CAPITAL FIRST TRUST COMPANY

By: ______________________________
Name: Chris Foregger
Its: Trust Officer

STATE OF WISCONSIN §
§
COUNTY OF MILWAUKEE §

BEFORE ME, the undersigned authority, on this day personally appeared CHRIS FOREGGER, known to me to be the person and officer whose name is subscribed to the foregoing instrument and acknowledged to me that the same was the act of the said CAPITAL FIRST TRUST COMPANY and that he executed the same as the act of CAPITAL FIRST TRUST COMPANY for the purposes and consideration therein expressed and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _____ day of ____________________, 2021.

______________________________
Notary Public in and for the State of Wisconsin

[SEAL]

**SCHEDULE A**

**TO THE**

**N.E. SPECIAL NEEDS TRUST**

**Initial Assets**: Cash in the amount of $______________.00 within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.